IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
At Albuquerque, NM

JAN 6 2025

MITCHELL R. ELFERS
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**MARIO JAMES VALDEZ,**<br><br>　　　　Defendant. | Cr. No. 24-cr-0033 |

## PLEA AGREEMENT

1.     Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States of America, by the United States Attorney for the District of New Mexico, and the Defendant, Mario James Valdez, with the advice and counsel of his attorney, Dennis Candelaria. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## REPRESENTATION BY COUNSEL

2.     The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

3.     The Defendant further understands the Defendant's rights:

　　　　a.      to be prosecuted by indictment;

1

  b.  to plead not guilty, or having already so pleaded, to persist in that plea;

  c.  to have a trial by jury; and

  d.  at a trial:

    1)  to confront and cross-examine adverse witnesses,

    2)  to be protected from compelled self-incrimination,

    3)  to testify and present evidence on the Defendant's own behalf, and

    4)  to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

4.  The Defendant agrees to waive these rights and to plead guilty to Counts 1-4 of the information, charging violations of: (1) 21 U.S.C. §§ 841(a)(1), (b)(1)(C), namely possession with intent to distribute cocaine base; (2) 18 U.S.C. § 924(c)(1)(A)(i), namely possession of a firearm in furtherance of a drug trafficking crime; (3) 18 U.S.C. §§ 922(g)(1) and 924, namely felon in possession of a firearm and ammunition; and (4) 18 U.S.C. § 842(i)(1), namely felon in possession of explosive materials.

## SENTENCING

5.  The Defendant understands that the minimum and maximum penalties provided by law for these offenses are:

  a.  On Count 1:

    1)  imprisonment for a period of not more than twenty years;

    2)  a fine not to exceed the greater of $1 million or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

3)      a term of supervised release of not less than three years and not more than life to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

4)      a mandatory special penalty assessment of $100.00; and

5)      restitution as may be ordered by the Court.

b.    On Count 2:

1)      imprisonment for a period of not less than five years. This sentence must be run consecutively to the sentence imposed on any other Count;

2)      a fine not to exceed $250,000;

3)      a term of supervised release of not more than five years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

3

    4)      a mandatory special penalty assessment of $100.00; and

    5)      restitution as may be ordered by the Court.

c.     On Count 3:

    1)      imprisonment for a period of up to ten years, unless the Defendant is found to be an Armed Career Criminal, in which case the period of imprisonment would be between fifteen years and life;

    2)      a fine not to exceed $250,000;

    3)      a term of supervised release of not more than three years to follow any term of imprisonment, unless the Defendant is found to be an Armed Career Criminal, in which case the period of supervised release would be not more than five years. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    4)      a mandatory special penalty assessment of $100.00; and

    5)      restitution as may be ordered by the Court.

d.     On Count 4:

    1)      imprisonment for a period of up to ten years;

    2)      a fine not to exceed $250,000;

4

3)      a term of supervised release of not more than three years to follow any term of imprisonment.  (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

4)      a mandatory special penalty assessment of $100.00; and

5)      restitution as may be ordered by the Court.

6.      The parties recognize that the federal sentencing guidelines are advisory and that the Court is required to consider them in determining the sentence it imposes.

7.      The parties are aware that the Court will decide whether to accept or reject this plea agreement. The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the Defendant shall have the right to withdraw the Defendant's plea of guilty.

8.      Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## ELEMENTS OF THE OFFENSE

9.     If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 1: 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), that being Possession with the Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Cocaine Base:

*First*:     The defendant knowingly and intentionally possessed a controlled substance;

*Second*:     The substance was in fact a mixture and substance containing a detectable amount of cocaine base; and

*Third*:     The defendant possessed the controlled substance with the intent to distribute it.

Count 2: 18 U.S.C. § 924(c)(1)(A)(i), that being Possessing a Firearm in Furtherance of a Drug Trafficking Crime:

*First*:     The defendant committed the crime of possession with intent to distribute cocaine base, as charged in Count 1 of the Information, which is a drug trafficking crime; and

*Second*:     The defendant possessed a firearm in furtherance of that crime.

Count 3:   18 U.S.C. §§ 922(g)(1) and 924, that being, Felon in Possession of a Firearm and Ammunition:

*First*:     The defendant knowingly possessed a firearm or ammunition;

*Second*:     The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm or ammunition; and

*Third*:     The defendant knew that he had previously been convicted of a felony; and

*Fourth*:     Before the defendant possessed the firearm or ammunition, the firearm or ammunition had moved at some time from one state to another or from a foreign country to the United States.

6

<u>Count 4:    18 U.S.C. § 842(i)(1), that being, Felon in Possession of Explosive Materials</u>:

| | |
|---|---|
| *First*: | The defendant knowingly possessed any explosive materials; |
| *Second*: | The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the explosive; |
| *Third*: | The defendant knew that he had previously been convicted of a felony; and |
| *Fourth*: | Before the defendant possessed the explosive materials, the explosive materials had moved at some time from one state to another or from a foreign country to the United States. |

## **DEFENDANT'S ADMISSION OF FACTS**

10.    By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

a.    On August 1, 2023, I was driving a vehicle in Santa Fe County, within the District of New Mexico.   Within the vehicle I possessed 44.9 grams of cocaine base.   I knew that I possessed the cocaine base, and I intended to distribute it.

7

b.     I also possessed three pistols within the same vehicle. I possessed these firearms to protect my cocaine base and my drug proceeds from others who might seek to steal them.

c.     Between October 15, 2023 and October 18, 2023, I was incarcerated at the Rio Arriba County Detention Center. I placed a series of recorded telephone calls to various people, including Ashley Manzanares and Demetri Valdez. During the calls to Ashley Manzanares, I requested that she move various firearms and explosives from 1004 Calle Gallegos in Espanola, New Mexico, to a different location.

d.     On October 20, 2023, law enforcement officers searched my former residence at 1004 Calle Gallegos in Espanola, New Mexico. They located six sticks of dynamite branded "Dyno Nobel Unimax Tamptite," as well as various firearms.

e.     I constructively possessed the dynamite and firearms found at 1004 Calle Gallegos. I knew that I possessed the dynamite and firearms. At the time that I possessed the dynamite and firearms, I knew that I was prohibited from doing so due to my prior felony convictions.

f.     I admit and agree that the United States could prove beyond a reasonable doubt that the dynamite sticks were explosive materials, and that both the dynamite and the firearms had moved from one state to another, or from a foreign country into the United States.

8

11.     By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty and agrees to affirm the facts set forth above during the plea colloquy. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

12.     The United States and the Defendant recommend as follows:

a.      The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence of no more than 156 months of imprisonment is the appropriate disposition in this case. This agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur.

b.      The remaining components of the Defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

c.      If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

## DEFENDANT'S ADDITIONAL AGREEMENT

13.     The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

14.     The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

15.     Except under circumstances where the Court, acting on its own, rejects this plea agreement (or functionally rejects it, as described below under the heading Violation or Rejection of Plea Agreement), the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after the Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

16.     By signing this plea agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the

court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the Defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.

17.     The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant. Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek any sentence other than a sentence of up to 156 months as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

18.     The Defendant agrees that the Defendant is the same person who was previously convicted of the following offenses, each of which was at the time of conviction punishable by imprisonment for a term exceeding one year:

      a.     State of New Mexico v. Mario Valdez, D-117-CR-2009-00207, Shooting From/Into a Vehicle, April 22, 2010;

      b.     State of New Mexico v. Mario Valdez, D-117-CR-2011-00154, Extortion, April 18, 2012; and

      c.     State of New Mexico v. Mario Valdez, D-117-CR-2011-00242, Felon in Possession of a Firearm, April 18, 2012.

      d.     The Defendant further agrees that the convictions listed above are valid and free from fundamental error, and that the Defendant's constitutional rights, including the right to counsel, were not violated when the convictions were obtained.

11

19.    The Defendant will not willfully fail to appear for any court appearance in this matter, nor willfully fail to surrender as ordered for service of any sentence.

20.    The Defendant agrees not to engage in conduct that would constitute a new crime. Offenses that would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this paragraph's agreement.

21.    Defendant agrees not to engage in conduct that would constitute obstructing or impeding the administration of justice under U.S.S.G. § 3C1.1.

## FORFEITURE

22.    The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case.

23.    The Defendant voluntarily and immediately agrees to the administrative, civil, or criminal forfeiture to the United States all of the Defendant's right, title, and interest in the following assets and properties:

       a.    a loaded 9mm handgun, with no serial number or manufacturer markings, and a 32-round magazine;

       b.    a loaded .45-caliber handgun with no serial number or manufacturer markings, as well as fifteen rounds of .45-caliber ammunition;

       c.    a loaded and stolen Glock 43 9mm handgun (serial number AGFT933);

       24.    a Saiga .410 shotgun, serial number 01203314, as well as a drum magazine with twenty-one .410 gauge shells;

a.    a Sig Sauer .556 AR-style rifle, serial number 44A009947, as well as two thirty-round magazines with sixty rounds of .556 ammunition;

b.    a Winchester Model 70 .30-06. rifle, serial number G1197303, as well as four rounds of .30-06 ammunition;

c.    a Weatherby Vanguard .300 rifle, serial number VS394412;

d.    six sticks of dynamite, branded with the words Dyno Nobel Unimax Tamptite; and

e.    3 lengths of "hobby" fuse and 1 length of "time" fuse.

25.    The Defendant consents to the prompt entry of a preliminary order of forfeiture and entry of a final order of forfeiture, pursuant to Fed. R. Crim. P. 32.2, without further notice to the Defendant. The Defendant also agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

26.    The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

27.    The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment

to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES

28.     The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is a naturalized citizen or not a citizen of the United States. For naturalized citizens, certain offenses may carry a risk of denaturalization and deportation.    Furthermore, for individuals who are not citizens of the United States, a broad range of crimes are removable offenses, including the offense(s) to which the Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the district court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

## WAIVER OF APPEAL RIGHTS AND POST-CONVICTION RIGHTS

29.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

14

30.     The Defendant also waives the right to appeal any sentence imposed below or within the guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation guideline range.

31.     The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

32.     In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

33.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

a.     Following sentencing, the United States will move to dismiss the existing indictment against Defendant in the above-referenced matter.

b.     The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present information.

## VOLUNTARY PLEA

34.     The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

15

## VIOLATION OR REJECTION OF PLEA AGREEMENT

35.    The Defendant agrees that if the Court finds by a preponderance of the evidence that the Defendant has violated any provision of this agreement, the United States will be released from its obligations under the agreement. In such a case, or where the Court has rejected the plea agreement or has functionally rejected it by failing to accept the agreement within six months of its entry (except where the United States, in its sole discretion, agrees to an extension of that time) the United States is released from its obligations under the plea agreement and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.    If the Defendant has pleaded guilty to any lesser-included offense(s), the Defendant's violation of this plea agreement will result in reinstatement of the greater offense(s). The Defendant waives any claim that the Defendant's guilty plea under the rejected agreement bars prosecution of any additional offenses on double-jeopardy grounds.

36.    The Defendant further agrees that in the event the Court finds that Defendant has breached this plea agreement, thus releasing the United States of its obligations under the agreement, such events do not constitute a fair and just reason under Rule 11(d)(2)(B) for withdrawing the guilty plea(s) entered pursuant to this agreement.

37.    Following the Court's finding of a breach of this agreement by the Defendant, or rejection or functional rejection of the agreement by the Court, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, the Defendant

16

waives any defense to that charge or charges based on the lapse of time between the entry of this agreement and such event.

## SPECIAL ASSESSMENT

38.    At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $400 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

39.    This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this ___6___ day of ___January___, 2025.

ALEXANDER M.M. UBALLEZ
United States Attorney

David B. Hirsch
Assistant United States Attorney
Albuquerque, New Mexico   87102
(505) 346-7274

17

I have carefully discussed every part of this agreement with my client.  Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Dennis Candelaria
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement.

Mario James Valdez
Defendant

18