# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                            Case No.  24-CR-33 KWR

MARIO VALDEZ,

        Defendant.

## SENTENCE MEMORANDUM

Mario Valdez, by and through his undersigned counsel, Dennis J. Candelaria, respectfully submits this sentencing memorandum and request a sentence for the low end of the agreed upon sentencing range of 5 to 13 years. Mr. Valdez requests that this Court to sentence Mr. Valdez that satisfies the 3553 factors of sentencing.

**I.    Argument**

A court shall impose a sentence sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. Section 3553. "It has been uniformed and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometime magnify, the crime and the punishment to ensue." *Koons v. United States*, 518 U.S. 81, 113 (1996). The established tradition of sentencing in federal court is that **"the punishment should fit the offender and not merely the**

**crime."** *Pepper v. United States*, 562 U.S. 476, 487-88 (2011) (Emphasis added). A

sentencing court should "engage in a holistic inquiry of the Section 3553(a) factors.

*United States v. Barnes*, 890 F. 3d 910, 916 (10th Cir. 2018).

    In the present case, less prison time is necessary to accomplish the purposes of

sentencing. *See United States v. Cull*, 446 F. Supp. 2d 961 (E.D. Wis. 2006) (finding a

variance appropriate where a defendant "had never been confined before, so this period

was sufficient to impress upon him the seriousness of the offense and to deter others

under similar circumstances"). Although Mr. Valdez has criminal history (See PSR

paragraphs 42-47), several of his prior felony convictions were consolidated into one

sentence. He was sentence to 4 years, 3 years suspended for a total term of 1 year

imprisonment. He was given 3 years of probation and completed his term successfully.

Given the right structure, Mr. Valdez is very capable of a term of supervision following

imprisonment. Thus, a sentence less at the lower end of the sentencing range is sufficient

to satisfy the purposes and accomplish the statutory goals of deterrence and punishment.

## II.    Mr. Valdez

Mr. Valdez was born in Santa Fe and raised in Espanola, New Mexico. He was born

in a traditionally Hispanic culture, community, and family. He describes his upbringings

as warm and fun as both his parents took a strong role in raising him. He grew up on a

middle-class household. His parents provided food, housing and guidance.

    However, he knew that there were problems with his parents' marriage. They were

constantly bickering. He could feel the vibe in the home had changed from a few years

prior. The vibe was tense. However, his parents always seemed to put their differences

aside when it came to the best interests of the kids. His dad was a truck driver, so he was not around much on weekends, holidays or birthdays. He was not around for school projects, extracurricular activities, or family events such as birthdays. Mr. Valdez saw his dad "very seldom."

The stress of parents being apart for long periods of time was too much to keep his parents together. His parents divorced and his dad moved out of state with another woman. He worked on his trucking company but made it a point to visit him and his siblings when he was in town. Although his parents' marriage dissolved, they were good about sharing custody of the children. There was never animosity. His mom eventually remarried. His stepdad, Arthur Salazar, became a father figure to Mr. Valdez. He was a good positive influence. He describes his stepdad as a disciplinarian who provided structure. Unfortunately, Mr. Salazar went to prison for drug trafficking. Mr. Valdez describes this as the catalyst to big shifts in his lifestyle.

Mr. Valdez shares that his mom was trying to survive on a minimum job income while supporting three young children. It was hard seeing his mom struggle. "She was both mom and dad" and it transformed their lives. His mom started doing drugs that included pills, cocaine and heroin. When she was high, she would nod off, she wouldn't go to work, she stopped paying the bills. Mr. Valdez and his family lost everything. They lost the house and had to move in with their grandparents. Mr. Salazar returned home after his sentence and gave her an ultimatum… "me or the drugs?" His mom chose the drugs. Mr. Valdez was "shook". He didn't understand the power of him mom's addiction. His mom would get sick from the withdrawals and Mr. Valdez didn't know how to help.

3

Meanwhile, his attendance at school began to slip. He started hanging out with the wrong crowd. His friends were in gangs.

Mr. Valdez was in middle school and trying to navigate the halls. He was a descent student, and his life was that of an everyday teenage high school student. He was 14 years old when he got his girlfriend pregnant. He and his girlfriend mustered enough courage to go to his girlfriend's house and speak to her parents. After a lot of raw emotion, they decided to keep the baby. Mr. Valdez had to drop out of school at 15. He got a job, moved in with his girlfriend's parents. His young family struggled and could not pay for diapers, formula, or doctor visits. He turned to selling drugs. He started supplying his own mom with drugs. It was his way of making sure that his mom was "not getting bad drugs and his way of making sure his mom would always be there." Mr. Valdez then started getting high on his own supply.

Mr. Valdez picks up his first conviction at 20. He goes to jail for the first time and describes his life as a revolving door as he is in-and-out of jail. He starts using pills as it was easy to get while in custody. When he couldn't get pills, he tried heroin. He was hooked. And like his mom, he too was given an ultimatum. Family or drugs. He chose drugs. Life was only getting harder. He describes Española as a rough little town. "The heroin capital of the world. If you were a goody good, you wouldn't fit in." Mr. Valdez was too wrapped into his own world of a reckless lifestyle. He suffered overdoses of heroin, alcohol, and pills. There were too many to count. His family or friends would find him passed out in the bathroom or he would wake up in the hospital with zero memory of how he ended up in a hospital bed.

4

Mr. Valdez has now been awakened a second time. He is before this Court because his lifestyle caught up to him. He knows that this Court can see his crimes but asks this Court to know that he is not expendable. Mr. Valdez's life pattern provides the most hope for his future. He does not want to be institutionalized. He has been sober since his arrest despite the amount of drugs that pass through Cibola County Correctional Center. He would like to be a barber, or diesel mechanic, or HVAC technician. He suffers from both addiction and mental health illness. He knows that he needs long term counseling. His recognition in no small way, most strongly indicates the appropriateness of a sentence of at the lower end of the agreed upon sentencing range (5-13 years). These are the factors that justify a sentence that is reasonable not greater than necessary to reflect the goals of all the statutory requirements under § 3553 factors.

Wherefore, Mr. Valdez respectfully requests that this Court find that a variance is justified in this case.

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

***Electronically filed April 4, 2025***
/s/ Dennis J Candelaria
Assistant Federal Public Defender